The order below is hereby signed.

Signed: August 15 2017



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
RICKY ANTONIO FULLER, SR.,     )    Case No. 17-00375
                               )    (Chapter 13)
          Debtor.              )

ORDER
DENYING DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY

The debtor failed to appear at the hearing on his motion to extend the automatic stay. Accordingly, he has not carried his burden under 11 U.S.C. section 362(c)(3) of showing that the automatic stay ought to be extended past the 30th day of the case. Despite the passage of more than 30 days since he commenced this case on July 5, 2017, he has filed no plan, schedules, or statement of financial affairs. In his Case No. 17-00140 in this court, filed on March 13, 2017, he similarly had never filed a plan, schedules, and a statement of financial affairs when he moved to dismiss that case 63 days later (on June 15, 2017). (Similarly, he never filed a plan, schedules, and a statement of financial affairs in Case No. 15-21872 in the District of Maryland, a case that was pending for 28 days before

he moved to dismiss that case.)  In this court, he has had the benefit of the automatic stay for the 63 days in Case No. 17-00140 plus 30 days in this case, a total of 93 days without filing a plan, schedules, and a statement of financial affairs. Creditors in a chapter 13 case deserve a good faith effort on the debtor's part to file a plan and begin plan payments, and file schedules, a statement of financial affairs, and other papers needed to evaluate the debtor's financial circumstances.  Under 11 U.S.C. § 362(c)(3)(C)(i)(II)(aa), the dismissal of Case No. 17-00140 after the debtor failed to file such papers creates a presumption that this case was not filed in good faith.  The failure to file such papers in this case only strengthens that presumption, and the debtor failed to appear and present any evidence to rebut the presumption.  The debtor still might obtain confirmation of a plan that would bind creditors, but he is in danger of subjecting the case to the automatic dismissal provisions of 11 U.S.C. section 521(i) or to dismissal for cause based on delay that is prejudicial to creditors.  In any event, he is not entitled to have the automatic stay extended in the meantime.  It is thus

ORDERED that the debtor's motion to extend the automatic stay under section 362(c)(3) is DENIED.  It is further

ORDERED that the Clerk shall give notice to creditors as follows: "Notice is given that the automatic stay of 11 U.S.C. section 362(a) has expired in this case pursuant to 11 U.S.C. section 362(c)(3), but that does not bar the binding effect a confirmed plan would have if a plan (not yet filed and docketed when this order was prepared) were to be confirmed."  It is further

ORDERED that based on the debtor's woeful delay in filing required papers, the debtor shall show cause within 14 days after entry of this order why this case ought not be dismissed with prejudice for 180 days.

[Signed and dated above.]


Copies to: Debtor (by hand-mailing); recipients of e-notice of orders.